# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERNEST PRICE,

    Plaintiff,

vs.

Officer BRIAN RULEY, individually
and in his official capacity as staff/
employee/official,

    Defendant.

CIVIL ACTION NO.: CV205-092

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff, a black inmate, asserts that Defendant Ruley, a white prison official, subjected him to deliberate indifference, racial discrimination, cruel and unusual punishment, and defamatory treatment. Specifically, Plaintiff asserts that Defendant Ruley asked him about an incident involving one of Defendant Ruley's co-workers and another inmate. Plaintiff contends that, even though he was never asked to be a witness at this other inmate's disciplinary hearing, he was being called a "snitch" by other inmates "as a direct result of [D]efendant Ruley falsely representing the truthful statements" Plaintiff made to him. (Compl., p. 3.) Plaintiff avers that Defendant Ruley lied in an effort to help his co-worker and to degrade Plaintiff, defame his character, and to cause conflicts between Plaintiff and his fellow "religious brethren." (Id.) Plaintiff contends that he was made to suffer indignity and humiliation as a result of Defendant Ruley's actions.

2

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, the Prison Litigation Reform Act ("PLRA"), in pertinent part, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). This section of the PLRA requires a damages recovery for mental or emotional injury to be connected to a physical injury. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). The physical injury must be more than *de minimis* in order to avoid the application of § 1997e(e). Id. at 1313.

Plaintiff has failed to show that he is entitled to his requested relief. Moreover, Plaintiff has failed to show that Defendant Ruley's alleged actions caused him to suffer any physical injury. Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), and 28 U.S.C.A. § 1915A. Therefore, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C.A. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 16th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)